FILED & ENTERED

MAY 26 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

MARIA VIRGINIA MARTI,

                                        Debtor.

_____

MARIO ROMERO,

                                        Plaintiff,

        vs.

MARIA VIRGINIA MARTI,

                                        Defendant.

_____

Case No.  2:16-bk-17064-RK

Adv. No.  2:16-ap-01270-RK

Chapter 7

ORDER DENYING DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSE TO DISCOVERY AND REQUEST FOR SANCTIONS

Date:  May 30, 2017
Time:  3:30 p.m.
Courtroom:  1675

        Pending in this adversary proceeding is a Motion to Compel Further Response to Discovery (Interrogatories and Request for Production) and Request for Sanctions

("Motion") (Docket No. 116) filed by Defendant Maria Virginia Marti ("Defendant").  The

Motion was noticed for hearing on May 30, 2017 at 3:30 p.m.  Derek L. Tabone, of the

Law Offices of Tabone, APC, represents Defendant/Movant.   Dimitrios P.Biller, of LDT

Consulting, Inc., represents Plaintiff/Respondent.

The court determines that pursuant to Local Bankruptcy Rule 9013-1(j)(3), oral

argument is not necessary and dispenses with it, takes the matter under submission

and vacates the hearing on May 30, 2017, and no appearances are required on May 30,

2017.

Because the motion seeks to resolve discovery disputes arising under Federal

Rules of Civil Procedure 33 and 34, made applicable to this adversary proceeding under

Federal Rules of Bankruptcy Procedure 7033  and 7034, the motion is subject to the

"meet and confer" requirements of Federal Rule of Civil Procedure 37(a)(1) and Local

Bankruptcy Rule 7026-1(c).

Federal Rule of Civil Procedure 37(a)(1) states: "On notice to other parties and

all affected persons, a party may move for an order compelling disclosure or discovery.

The motion must include a certification that movant has in good faith conferred or

attempted to confer with the person or party failing to make disclosure or discovery in an

effort to obtain it without court action."

Local Bankruptcy Rule 7026-1(c)(2) states:  "Prior to the filing of any motion

relating to discovery, counsel for the parties must meet in person or by telephone in a

good faith effort to resolve a discovery dispute.  It is the responsibility of counsel for the

moving party to arrange the conference.  Unless altered by agreement of the parties or

by order of the court for cause shown, counsel for the opposing party must meet with

counsel for the moving party within 7 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought."

If the parties are unable to resolve their dispute, then Local Bankruptcy Rule 7026-1(c)(3) requires that the party seeking discovery must submit with the cooperation of the other party a discovery dispute stipulation in one document identifying separately and with particularity each disputed issue that remains to be determined by the court and the contentions and points and authorities of each party.  In the absence of this stipulation or a declaration of lack of noncooperation of the other party, the court will not consider the discovery motion.

Defendant in her motion papers fails to show that she has met the procedural requirements requiring a conference in person or by telephone to discuss the discovery disputes before any discovery dispute motions are filed and requiring the submission of a written discovery dispute stipulation identifying and discussing the contentions and points and authorities for the positions of the parties on each issue raised by their disputed discovery disputes as required by these rules.  Pursuant to Local Bankruptcy Rule 7026-1(c), the court will not consider defendant's discovery motion until these requirements are met.

///

///

The motion is DENIED WITHOUT PREJUDICE.  Defendant may file and serve

an amended motion once she has satisfied the "meet and confer" requirements of

Federal Rule of Civil Procedure 37(a)(1) and Local Bankruptcy Rule 7026-1 and if the

motion is timely under the applicable scheduling orders in this matter.

IT IS SO ORDERED.

###

Date: May 26, 2017

_____

Robert Kwan
United States Bankruptcy Judge