**FILED & ENTERED**

JUL 05 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MARIA VIRGINIA MARTI,<br><br>Debtor. | Case No. 2:16-bk-17064-RK<br><br>Chapter 7<br><br>Adv. No. 2:16-ap-01270-RK<br><br>**ORDER (1) DENYING MOTION FOR SUMMARY JUDGMENT, (2) VACATING PRETRIAL CONFERENCE SCHEDULED FOR SEPTEMBER 26, 2017, AND (3) SETTING STATUS CONFERENCE HEARING** |
| MARIO ROMERO,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIA VIRGINIA MARTI and ARMEX DESIGN & CONSTRUCTION, INC.,<br><br>    Defendants. | Date:    July 11, 2017<br>Time:    3:00 p.m.<br>Courtroom:    1675 |

    Pending in this adversary proceeding before this court is the Motion of Plaintiff Mario Romero ("Plaintiff") for Summary Judgment ("Motion") (Docket No. 127) filed on

May 29, 2017, which Plaintiff noticed for hearing before the court on July 11, 2017 at 3:00 p.m.  In support of his motion, Plaintiff filed over 5,000 pages of exhibits to support his motion.  Defendant Maria Virginia Marti ("Defendant") filed an Opposition to the Motion ("Opposition") (Docket No. 148) on June 20, 2017.  Plaintiff filed a reply brief (Docket No. 152) on June 26, 2017.  Dimitros P. Biller, of the law office of LDT Consulting, Inc., represents Plaintiff, and Derek L. Tabone, of the Law Offices of Tabone, APC, represents Defendant.

The court determines that oral argument is not necessary and dispenses with it, vacates the hearing on July 11, 2017, takes the Motion under submission and rules as follows.

Having considered the moving and opposing papers and related pleadings, the court denies the Motion for the reasons stated in the Opposition and based on the following reasons.  Plaintiff has not shown that there are no triable issues of material fact and that he is entitled to judgment as a matter of law pursuant to Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56.  As Defendant argues in the Opposition, Plaintiff failed to identify the elements of each claim and point to admissible and uncontroverted evidence establishing each claim.  In his moving papers, Plaintiff asserted "20 separate issues" which he claims "are sufficient to dismiss the Petition because the issues are so significant," but Plaintiff failed to identify the facts and elements of each of his claims under 11 U.S.C. §§ 727 and 523.  Plaintiff filed approximately 5,000 pages in support of his motion, but only gave vague references to "Sec. 'A'" and "UMF", often citing a multitude of "UMFs" without specifically showing how each "UMF" or fact support an element of his claims, which is not meeting his burden here to prevail on summary judgment.  It appears that Plaintiff was attempting to refer to multiple proposed uncontroverted material facts and various exhibits to support multiple facts simultaneously.  To the extent that Plaintiff relies on the judgment in his favor from the state court jury verdict to establish liability for the debt, res judicata is not appropriate because there is a pending appeal as the decision in the former proceeding

must be final and on the merits. California Code of Civil Procedure, § 1235.120; *Southern Public Utility District v. Silva*, 47 Cal.2d 163, 165 (1956) (citing predecessor statute to California Civil Code § 1235.120).

In reviewing the voluminous pleadings and papers filed on the Motion, it appears to the court that since the appeal of the state court action is not concluded and the court has granted relief from the automatic stay to allow the appellate proceedings to go forward, the court should consider permissive abstention to allow the state court appellate proceedings to conclude because the determination of liability is intertwined with the issues of debt dischargeability under 11 U.S.C. § 523, *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166-1167 (9th Cir. 1990)(citation omitted), but the court may proceed with the litigation of the 11 U.S.C. § 727 claims only because those claims relate to conduct in the bankruptcy case and not the conduct at issue in the state court action. To discuss this with the parties, the court will vacate the pretrial conference and set a status conference instead.

IT IS FURTHER ORDERED that the Pretrial conference scheduled for September 26, 2017 at 2:00 p.m. is hereby vacated.

IT IS ADDITIONALLY ORDERED that a status conference is scheduled for August 15, 2017 at 1:30 p.m. to discuss a stay pending the resolution of the appeal in the state court litigation between the parties.

IT IS SO ORDERED.    ###

Date: July 5, 2017

_____
Robert Kwan
United States Bankruptcy Judge